IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD ALLEN,** | : | |
| Petitioner, | : | CIVIL NO. 3:CV-04-0449 |
| v. | : | (Judge Caputo) |
| **JOHN NASH,** | : | |
| Respondent. | : | |

## M E M O R A N D U M

### I.   Introduction

Petitioner, Ronald Allen, formerly[1] an inmate at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville, Pennsylvania, commenced this action *pro se* with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges the calculation of his federal sentence, and he claims that the United States Bureau of Prisons ("BOP") failed to give appropriate credit for post-sentence incarceration. Respondent filed a response and exhibits, and Petitioner did not file a traverse. The petition is ripe for disposition. For the reasons that follow, the petition will be denied.

### II.   Background.

Unless otherwise noted, the following facts are extracted from the response to the petition for writ of habeas corpus (Doc. 16).[2] Petitioner was arrested by officers of the

---

[1] Petitioner is currently incarcerated at the Canaan United States Penitentiary in Waymart, Pennsylvania. *See* Doc. 17.

[2] "The allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true . . . ." 28 U.S.C. § 2248.

Newark, New Jersey, police department on April 18, 1995, and he was charged with carjacking and related offenses that had occurred on that date.  While in custody on the state charges, Petitioner was identified as the perpetrator of a previous carjacking which occurred on April 11, 1995.

On June 20, 1995, New Jersey state authorities indicted Petitioner in New Jersey Superior Court, Essex County, for aggravated assault with a weapon, robbery, carjacking, and related weapons charges for the April 18, 1995 offenses.  On July 12, 1995, Federal authorities indicted Petitioner in the United States District Court for the District of New Jersey for carjacking related to the April 11, 1995 offense.

On January 18, 1996, while in custody of Essex County, New Jersey, Petitioner was produced in federal court via a federal writ of habeas corpus *ad prosequendum*.  Petitioner was sentenced to 180 months imprisonment by the United States District Court for the District of New Jersey for carjacking, in violation of 18 U.S.C. § 2119.  The sentencing court did not specify how the federal sentence should be served in relation to any other sentence.  Upon completion of the sentencing proceedings that day, Petitioner was returned to the custody of Essex County.

On January 23, 1996, the United States Marshal Service erroneously referred Petitioner to the Federal Bureau of Prisons ("BOP") for a designation to a federal facility for service of the federal sentence.  As a result of the referral, Petitioner was designated to the United States Penitentiary in Leavenworth, Kansas on February 15, 1996.  Although designated to USP Leavenworth, Petitioner remained in the legal custody of Essex County from which he was borrowed under the writ of habeas corpus ad prosequendum.  (Doc. 13

2

at 18.) Nevertheless, his federal sentence had been lodged as a detainer and Essex County retained primary jurisdiction. (*Id.*)

On June 21, 1996, Petitioner was sentenced in the Essex County Superior Court to a term of fifteen (15) years for the state offense of carjacking and related charges. The New Jersey Superior Court ordered the sentence to run concurrent to the federal sentence and ordered that Petitioner be remanded to federal custody.

On April 6, 1998, Petitioner was transferred from USP Leavenworth to the Federal Correctional Institution in Fairton, New Jersey ("FCI-Fairton"). Upon review of Petitioner's records, staff at FCI-Fairton discovered that the State of New Jersey held primary custody of Petitioner by virtue of his arrest by the Newark Police Department on April 18, 1995, and the subsequent state sentence imposed on June 21, 1996. The New Jersey Department of Corrections, Office of Interstate Services, confirmed that New Jersey retained primary jurisdiction of Petitioner and agreed that Petitioner should be returned to the custody of the State of New Jersey for service of the fifteen (15) year state sentence. Petitioner was returned to New Jersey custody for completion of the fifteen (15) year state sentence on May 27, 1998.

By letter dated June 9, 1998, the prosecuting United States Attorney Office was requested by the BOP to contact the sentencing court to seek clarification as to whether the sentencing court had any objections to the federal and state sentences running concurrently. The letter further stated that if the court had no objection, the BOP could grant Petitioner a "Nunc Pro Tunc Designation" which would allow his federal sentence to run concurrent to his state sentence. The sentencing court recommended consecutive

3

service of the state and federal sentences.

On July 20, 2000, Petitioner was released from the state sentence pending appeal. The United States Marshal Service assumed custody over him on July 24, 2000. On September 18, 2000, Petitioner's state appeal was dismissed. The Essex County Court informed the BOP that the state sentence was never stopped and has been running continuously.

In response to a request by Petitioner, his case was referred to the BOP's Northeast Regional Office for consideration of a *nunc pro tunc* designation to the New Jersey Department of Corrections, for concurrent service of the state and federal terms. The BOP denied Petitioner's request based upon a review of his federal sentencing order, the application of federal statutes, and the recommendation of the sentencing court. The instant petition ensued.

### III.    Discussion.

#### Computation of Federal Sentence

To calculate Petitioner's sentence, the BOP must determine: (1) when his federal sentence commenced, and (2) any credits to which Petitioner may be entitled. 18 U.S.C. § 3585. Although the federal sentence was imposed while Petitioner was held in state custody, this does not affect the commencement date of the federal sentence. Petitioner's federal sentence commenced on July 20, 2000, the date he was granted an appeal bond on his state charges. *See* 18 U.S.C. § 3585(a) (A federal sentence to a term of imprisonment commences on the date the prisoner "is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served.")

Although the state sentence was intended to run concurrently with the federal sentence, his federal sentence had yet to commence when the state sentence was imposed. Consequently, the intended concurrence of his state sentence is irrelevant.

Furthermore, Petitioner has appropriately received all appropriate credit for time spent in custody on his federal charges which has not been credited to another sentence. *See* 18 U.S.C. § 3585(b). Even though Petitioner spent a period of time in federal custody, he remained in state custody, he had been borrowed by federal authorities and the time spent at the federal facilities was credited to Petitioner's state sentence. (Decl. of Charles H. McIntyre, Doc. 16-2 at 7, ¶ 15.) If additional adjustment was made to the federal sentence, Petitioner would have received a double credit. 18 U.S.C. § 3585(b). The United States Court of Appeals for the Third Circuit has held that the plain language of 18 U.S.C. § 3585 is specifically meant to prohibit this "double credit," *Rios v. Wiley*, 201 F.3d 257, 272 (3d Cir. 2000), and the prohibition of double credit "articulated in section 3585(b) applies equally to situations where, as here, the prisoner was in federal control pursuant to a writ of habeas corpus *ad prosequendum* during the time period for which a pre-sentence credit is sought." *Id.* at 274. (citation omitted). Therefore, the Court concludes that the BOP has correctly calculated Petitioner's sentence. An appropriate order follows.

Dated: February 8, 2006    /s/ A. Richard Caputo
                                                    A. RICHARD CAPUTO
                                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RONALD ALLEN,** :
:
    **Petitioner,** : **CIVIL NO. 3:CV-04-0449**
:
**v.** : **(Judge Caputo)**
:
**JOHN NASH,** :
:
    **Respondent.** :

## O R D E R

**AND NOW, THIS 8th DAY OF FEBRUARY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

    /s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge